Brandon B. McDonald, Esq.
Brandon@mcdonaldlawyers.com
Nevada Bar No.: 11206
McDONALD LAW OFFICES, PLLC
2505 Anthem Village Drive, Ste. E-474
Henderson, NV 89052
Telephone: (702) 385-7411
Facsimile: (702) 992-0569
Attorneys for Plaintiffs and Putative Class

**UNITED STATED DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STAPHANE VANEL and KAMI RAHBARAN, on behalf of themselves and the Putative class,<br><br>Plaintiffs,<br><br>v.<br><br>EMMANUEL PACQUIAO; TOP RANK INC.; MICHAEL KONCZ; ROBERT ARUM; TODD DUBOEF; DOES 1-10 and ABC CORPS 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

**COME NOW**, Plaintiffs STEPHANE VANEL and KAMI RAHBARAN, by and through the undersigned counsel, and hereby bring this Complaint for damages against Defendants, to recover damages owed to them and others similarly situated:

### I.   NATURE OF THE ACTION

1. This is an action for damages relating to the Defendants' failure to disclose the injuries suffered by Defendant Pacquiao prior to the fight between Manny Pacquiao and Floyd Mayweather held May 2, 2015.

2. Upon information and belief, Top Rank Inc. was one the promoters of the "Fight of the Century" and failed to disclose the injury to the Nevada Athletic Commission ("NAC") prior to the fight as is required by Nevada law.

3. Upon information and belief, the Defendants did not disclose the injury until Saturday night shortly before the fight was to begin.

4. Upon information and belief, the Defendants further failed to truthfully answer or disclose the information as required on the Nevada Athletic Commission disclosure form that was filled out by Pacquiao and others including Defendant Michael Koncz.

5. Upon information and belief, Pacquiao and other assisting him checked "No" on the NAC questionnaire which asked if he had a shoulder injury.

6. Upon information and belief, the aforesaid acts constitute a violation of NRS 598; NRS 41.600; NRS 598A and other causes of actions as set forth below.

7. This action seeks damages and compensation to Plaintiffs and all Class Members from the Defendants, interest, disgorgement, costs of suit, treble damages, punitive damages, attorney fees and any other damages deemed just and proper by the Court.

8. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons who purchased tickets; purchased the pay per view event or who wagered money on the event.  Excluded from the class are counsel representing the class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individuals whose interest are antagonistic to other class members.

## II.  JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the proposed class contains more than 100 members, at

least one of whom maintains citizenship in a state diverse from the defendants, and seeks in the aggregate more than Five Millions Dollars ($5,000,000), exclusive of costs and interest. On information and belief, more than two-thirds of the members of the Class defined below are residents of states other than Nevada.

### III.    PARTIES

10. Plaintiff Stephane Vanel is an individual residing in Clark County, Nevada, a citizen of the State of Nevada and a purchaser of tickets and/or the pay per view event to the Mayweather-Pacquiao fight held May 2, 2015. Plaintiff is a representative plaintiff.

11. Plaintiff Kami Rahbaran is an individual residing in Clark County, Nevada, a citizen of the State of Nevada and a purchaser of tickets and/or the pay per view event to the Mayweather-Pacquiao fight held May 2, 2015. Plaintiff is a representative plaintiff.

12. Upon information and belief, Top Rank, Inc., ("TPI") is a Nevada corporation engaged in the business of producing, promoting, and selling tickets to fighting events. Its principal place of business is located in Clark County, Nevada.

13. Upon information and belief, Defendant Robert Arum is the Treasurer and Director of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao. Defendant Arum is a resident of Clark County, Nevada.

14. Upon information and belief, Defendant Todd DuBoef is the President of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao. Defendant DuBoef is a resident of Clark County, Nevada.

15. Upon information and belief, Defendant Michael Koncz is the advisor of Defendant Pacquiao and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao. It is believed Defendant Koncz resides in the Philippines.

16. Upon information and belief, Defendant Emmanuel Pacquiao was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao. It is believed Defendant Pacquiao resides in the Philippines.

17. Upon information and belief, Defendants Does 1-10 and ABC Corp. 1-10 are fictitious names for various entities or persons whose true identity are unknown to the Plaintiffs at this time that were responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao. Once the true identities of said defendants are known the Plaintiffs will seek leave of the Court to amend its complaint to name said defendants.

## IV.   VENUE

18. Venue in this action properly lies in this District, pursuant to 28 U.S.C. Sec.1319(a) and the Defendants are subject to personal jurisdiction in the District in which this action is filed.

## V.   CLASS ACTION ALLEGATIONS

19. Plaintiffs brings this action on their own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P 23 (b) (3). The Class consists of potentially hundreds of thousands of ticket purchasers; pay per view purchasers and persons who wagered on the Mayweather-Pacquiao fight held May 2, 2015 (the "Event"); which were victimized by Defendants' failure to disclose and to cover up the injuries of Defendant Pacquiao.

20. The Class consists of all persons who paid for tickets to the Event; purchased pay per view showings or made wagers on the Event, which did not know that Defendant Pacquiao had been seriously injured prior to the Event and that the Defendant did not disclose such information to the general public or even to the Nevada Athletic Commission. In fact the Defendants made misrepresentations in documents to the Nevada Athletic Commission that Defendant Pacquiao was not

4

injured. All members of the Class relied upon the misrepresentations and the non-disclosures in purchasing tickets; purchasing pay per view showings; and in making wagers on the Event. The Class excludes counsel representing the class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other class members.

21. Defendants subjected Plaintiffs and each of the Class members to unlawful practices and harmed them in the same manner. Now, Plaintiffs and each Class Member seek to enforce their rights and remedies pursuant to NRS 598; NRS 41.600; NRS 598A and other causes of actions as set forth below, including but not limited to the equitable theory of Unjust Enrichment.

22. Numerosity: The proposed class is so numerous that individual joinder of all their members is impracticable. While the exact number and identities of the Class Members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. It is estimated that the Class consists of hundreds of thousands of members.

23. Typicality: Plaintiffs' claims are typical of the claims of their respective Class members in that she suffered similar damages resulting from a single course of conduct by Defendants. Each of the class members asserts the same legal causes of action.

24. Adequacy of Representation: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex lawsuits and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interests adverse to the Class.

25. <u>Superiority of Class Action and Impracticability of Individual Actions</u>: Plaintiffs and the members of the Class suffered harm as a result of Defendants' unlawful and fraudulent conduct. A class action is superior to other viable methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants.

It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct.  Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in the Complaint.   By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

26. <u>Commonality</u>: There are questions of law and fact common to Plaintiffs and the class that predominate over any questions affecting only the individual members of the class. The common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants withheld the information that Defendant Pacquiao had been seriously injured prior to the Event;

b. Whether Defendants' actions violated the NRS 598; NRS 41.600; NRS 598A and other causes of actions as set forth below, including but not limited to the equitable theory of Unjust Enrichment;

c. Whether Defendants were unjustly enriched by its acts and omissions at the expense of the Plaintiffs and the class;

6

    d.    Whether Plaintiffs and the putative class sustained damage and loss thereby;

    e.    The scope, extent and measure of damages and equitable relief that should be awarded; and

    f.    Whether Defendant's acts and omission entitle Plaintiffs and the Class to treble damages, attorneys' fees, prejudgment interest and cost of suit;

## COUNT I
## Fraudulent Concealment

27.    Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

28.    Defendants prior to and at the time the Plaintiffs and the Class decided to purchase tickets; purchase pay per view showings or wagered on the Event the Defendants knew and had full knowledge and information that Defendant Pacquiao had been seriously injured and was suffering from a torn rotator cuff. Defendants further know that such injury would severely affect his performance in the Event.

29.    None of the Defendants informed or apprised the public or even the Nevada Athletic Commission about the injury to Defendant Pacquiao.

30.    At all relevant times herein the Defendants, who had a duty to disclose the injury, intentionally concealed and/or failed to disclose the aforementioned material facts to the Plaintiffs and the Class.

31.    Plaintiffs and the Class did in fact rely on the Defendants to disclose this information which the Plaintiffs and the Class were unaware of at the time of the purchase of tickets; pay per view showings and/or wagering on the Event.

32. As a direct and proximate cause of the Defendants material omissions Plaintiffs and the class members suffered ascertainable losses consisting of the purchase price of the tickets; purchase price of pay per view showings and wagers that were placed.

**COUNT II**
**Statutory Consumer Fraud NRS 41.600**

33. Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34. Pursuant to NRS §§ 41.600(2)(e), 598.0915, and 598.0923 the Defendants knowingly engaged in predatory, wrongful, fraudulent and deceptive trade practices in violation of the Nevada Deceptive Trade Practices Act by engaging in certain prohibited conduct, including but not limited to:

A. Engaging in a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive. [See NRS 41.600(2)(e)]

B. Failing to disclose a material fact in connection with the sale of... goods. [NRS 598.0923(2)]

C. Violating a state or federal statute or regulation relating to the sale ... of goods or services [NRS 598.0923(3)]

D. Making any other false representation in a transaction. [NRS 598.0915(15)

35. As a direct and proximate cause of the Defendants' deceptive trade practices/consumer fraud, as herein alleged, Plaintiffs and the Class have been damaged, and, furthermore alleges, that Defendants in making the aforementioned material misrepresentations and/or concealing material facts from the Plaintiffs and the Class concerning the condition of Defendant Pacquiao, have acted willfully, intentionally, maliciously and fraudulently, with intent to deceive and defraud the Plaintiffs and the Class with great recklessness and carelessness in total disregard of the consequences of their intentional actions upon Plaintiffs and the Class, thereby entitling the Plaintiffs and the Class to exemplary/punitive damages.

## COUNT III
### Conspiracy To Commit Consumer Fraud

36. Plaintiffs, on behalf of themselves and all others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37. Pursuant to NRS §§ 41.600(e), 598.0915, and 598.0923 and common law, as herein alleged, the Defendants knowingly agreed with each other, business to business, and/or individual to individual, (not individual with their own business), to engage in predatory, wrongful, fraudulent and deceptive trade practices in violation of the Nevada Deceptive Trade Practices Act by knowingly engaging in certain prohibited and/or fraudulent conduct, including but not limited to:

A. Engaging in a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive. [See NRS 41.600(2)(e)]

B. Failing to disclose a material fact in connection with the sale of... goods. [NRS 598.0923(2)]

C. Violating a state or federal statute or regulation relating to the sale ... of goods or services [NRS 598.0923(3)]

D. Making any other false representation in a transaction. [NRS 598.0915(15)

38. As a direct and proximate cause of the Defendants' conspiracy, as herein alleged, Plaintiffs and the Class have been damaged.

39. As a direct and proximate cause of the Defendants' conspiracy to engage in deceptive trade practices and to defraud the Plaintiffs and the Class as herein alleged, Plaintiffs and the Class have been damaged, and said Defendants have acted willfully, intentionally, maliciously and fraudulently, with intent to deceive and defraud the Plaintiffs and the Class with great recklessness and carelessness in total disregard of the consequences of their intentional actions upon Plaintiff and the Class, thereby entitling the Plaintiffs and the Class to an additional award of damages in the nature of punitive and/or exemplary damages in a sum subject to proof at time of trial.

WHEREFORE, Plaintiffs demand judgment against the Defendants, on their behalf and that of similarly situated class members as follows:

a. Awarding all relief available pursuant to NRS 598; 41.600 and 598A

b. Awarding treble damages and attorney's fees;

c. Awarding compensatory damages;

d. Awarding interest;

e. Awarding attorneys' fees;

f. Awarding costs of suit; and

k. Granting other relief as this Court deems just and

Dated this 5th day of May, 2015.

                                            McDONALD LAW OFFICES, PLLC

By:    /s/ Brandon B. McDonald, Esq.
       Brandon B. McDonald, Esq.
       Nevada Bar No.: 11206
       2505 Anthem Village Drive, Ste. E-474
       Henderson, NV 89052
       Attorneys for Plaintiffs and Putative Class